**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3776-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL TAFFARO,

      Defendant-Appellant.

_____

Argued December 5, 2018 – Decided February 8, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 04-07-1501.

Robert H. McGuigan, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Robert H. McGuigan, on the brief).

Tom Dominic Osadnik, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Dennis Calo, Acting Bergen County Prosecutor, attorney; William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Michael Taffaro appeals from a March 20, 2017 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

The circumstances underlying this offense date back to 2004. That year, an order issued under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17, restrained defendant from contact with his sister; the two were embroiled in a probate dispute regarding their parents' estate. A few months later, defendant's sister alleged he posted an ad on Craigslist purporting to be in her name soliciting sexual encounters. The ad disclosed the sister's phone number and address in violation of the order. As a result, defendant was charged with fourth-degree contempt, N.J.S.A. 2C:29-9(a).

The matter was tried three times. The first trial resulted in a conviction but was reversed by the Supreme Court. State v. Taffaro, 195 N.J. 442 (2008). The second trial ended in a mistrial.

A jury convicted defendant at the third trial, presided over by now-retired Judge Eugene H. Austin. We affirmed on appeal. State v. Taffaro, No. A-1911-11 (App. Div. Apr. 14, 2014). The Supreme Court denied certification. State v. Taffaro, 220 N.J. 40 (2014).

During in limine motions, defendant sought to move into evidence recordings he had made of telephone conversations with two acquaintances he claimed were the guilty parties. Judge Austin ruled that they would not be admitted unless defendant testified because he was concerned about the authentication of the recordings. Regardless, the judge allowed defense counsel to fully cross-examine one of the men, who was a witness at the trial, about the statements he made during the call which defendant claimed conflicted with his testimony.

Defendant's PCR claim of ineffective assistance of counsel rests upon appellate counsel's alleged failure, on the direct appeal, to properly address the exclusion of the tape. Judge Christopher R. Kazlau decided the PCR petition, and found that defendant's claim was barred by Rule 3:22-5, which bars consideration of issues previously "expressly adjudicated." He further found that defendant's contentions did not establish a prima facie case such that an evidentiary hearing was warranted. See R. 3:22-10; State v. Porter, 216 N.J. 343, 347 (2013).

On appeal, defendant raises the following points for our consideration:

> POINT I
> THE ERROR OF THE PCR COURT COMPLAINED
> OF IN THE INSTANT ACTION, STEMMED FROM
> THE INITIAL ERROR OF THE TRIAL COURT IN

3

EXCLUDING, ON INVALID GROUNDS, EVIDENCE WHICH SHOWS THE TESTIMONY OF THE STATE'S SOLE WITNESS TO BE BRAZEN PERJURY.

POINT II
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY THE FAILURE TO RAISE IN A WAY THAT WAS EITHER COMPREHENSIVE OR SPECIFIC, THE ISSUE OF THE TRIAL-COURT'S ERROR IN EXCLUDING THE TRANSCRIPT OF THE TAPED CONVERSATIONS.

POINT III
IN ITS DENIAL OF APPELLANT'S PCR PETITION, WITHOUT EVIDENTIARY HEARING, THE PCR COURT COMMITTED PLAIN ERROR BOTH IN ITS APPLICATION OF RULE 3:22-5, FINDING THE ISSUES RAISED HAD BEEN ADJUDICATED ON APPEAL, AND IN ITS APPLICATION OF THE STRICKLAND STANDARD, FINDING THAT THE CORE ISSUE HAD BEEN EFFECTIVELY RAISED BY APPELLATE COUNSEL.

POINT IV
ALTERNATIVELY, ASSUMING ARGUENDO THAT THE PCR COURT WAS CORRECT IN FINDING THAT THE ISSUE OF THE TAPE'S ERRONEOUS EXCLUSION HAD BEEN ADJUDICATED ON ITS MERITS, THE RES JUDICATA BAR OF R. 3:22-5 SHOULD BE RELAXED, AS ITS APPLICATION RESULTS IN A FUNDAMENTAL INJUSTICE.

Defendant's first three points require little discussion.  They all essentially restate defendant's position that the taped telephone conversation should have

4

been admitted, and that its admission would have entirely exonerated him. Clearly, this issue has been previously addressed.

Our prior decision affirming the conviction stated that defendant's self-serving statements on the recording "are not admissible under any exception to the hearsay rule." (Slip op. at 12). Furthermore,

> the benefit defendant would have gained from admission of the recorded statements, he gained through [the third party's] testimony. . . . [D]efendant developed the defense that [the third party] was incredible because he wanted to avoid damaging his likelihood of becoming an attorney, or of getting into trouble himself. That the jury rejected the theory, and convicted defendant, was not the result of the court's exclusion of the evidence in the form of the transcripts, as the substance was presented to the jury.
>
> [Id. at 12-13.]

Therefore, Judge Kazlau properly refused to consider this same contention on PCR, and rejected defendant's thinly veiled reiteration of the argument.

Defendant further contends that the application of Rule 3:22-5 should be relaxed in this case in the interest of justice. We simply do not agree. It is clear that Judge Austin's decision to allow for cross-examination based on the transcript permitted defendant to develop his third-party culpability defense to the jury. Thus, no reason at all, much less a compelling reason, has been presented which would warrant the relaxation of the rule in this case. The

5

application of the rule indeed is "not an inflexible command." <u>State v. Franklin</u>, 184 N.J. 516, 528 (2005). In this case, however, there is nothing in the record which warrants such relaxation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3776-16T1